Smith, J.
The territory described in the petition in this case, was, until the annexation proceedings hereinafter mentioned, a *73 part of Special School District No. 1, of Greene township, in this county. In the year 1887, by the action of the board of county commissioners, (which action, on proceedings brought to review the same, was affirmed by the court of common pleas and by this court,) under the statutes regulating and authorizing the annexation of contiguous territory to a village, on the application of the corporation, such territory was duly annexed to, and became a part of, the village of West-wood. The question now submitted to us, is this : Did the annexation of this territory to the village, have the effect of detaching it from School District No. 1, and of attaching it, for school purposes, to the Westwood Village School District, it being conceded that the Board of Education of Special District No. 1, has never, in any manner, consented to such transfer? If it had such effect, the application of the relator for a writ, requiring the county auditor to levy on such territory so annexed, the tax for school purposes levied by the board of education of such Special District No. 1, on the property thereon, for the year 1888, should be refused. If it did not have such effect, the writ should be allowed.
We have heretofore held, that the fact that the territory so sought in such proceeding to be annexed to the village, was a part of a school district other than that of the village district, and that the boards of education of such districts had not consented thereto, was not a valid ground of objection to such annexation. There is no statute, so far as we' are advised, that expressly, or by implication, requires such consent to be given, and we see no reason why it should be so. If such was the law, it would be very apt to defeat all annexations of territory to a corporation.
What, then, is the effect of such annexation, when accomplished, on the status, for school purposes, of the annexed territory ? We find no provision of the statute which directly determines this question, and a conclusion can only be reached by an examination of those sections of the law which indirectly bear upon it.
Section 3888 Rev. Stats., provides, “ that each village, including the territory attached to it for school purposes, and excluding the territory within its limits detached for school pur *74 poses, shall constitute a school district, to be styled a village district.” By other sections, special school districts like No. 1, are authorized, and in both, boards of education are provided for. It will be seen that section 3888 clearly recognizes that the village district is not necessarily composed of the same territory as that of the municipal corporation — territory outside of the corporation, may be a part of the village district, and territory within the limits of the corporation, may not be within the village district, but be a part of a separate school district; and section 3839 prescribes how these results maybe brought about, and changes made in existing districts, viz., by the mutual consent of the boards of education interested therein, and having the control of such adjoining districts.
It is the claim however, of the counsel for the defendant, that by virtue of the annexation proceedings, the territory in question became a part of the village of Westwood for all purposes, and ipso facto, was detached from Special District No. 1, of Green township, for school purposes, and became a part of the village school district.
This claim is principally founded on secs. 1604 and 3908, Rev. Stats. The first of these is found in the chapter of the municipal code, providing for the “annexation of territory on the application of a corporation,” and reads as follows: “When the annexation of such described territory has been completed, the same shall be deemed a part of such municipal corporation, and the inhabitants residing on the territory, shall have, all the rights and privileges of the inhabitants residing within the original limits of the corporation.” And section 3908, a part of the general school law, which provides for the elec-' tion of members of the Board of Education of the village district, says, that it shall be done, by “the qualified electors of the district, including those residing within the bounds of the territory attached to the district, but beyond the village limits.”
It seems to us that neither of these sections makes it plain, that the annexation of territory to a village, has the effect claimed for it; that sec. 1604 was not intended to apply to the “rights and privileges” of the inhabitants of such annexed *75 territory as to school matters, but only to those which they were to enjoy as members of the municipal corporation, to which they became attached. By its terms, they are to have “all the rights and privileges of the inhabitants residing within the original limits of the corporation.” But all of these inhabitants may not have the same rights as to school matters; some of them may reside on territory which has legally been attached to a school district, in part, outside of the limits of the village, and thus be entitled to school privileges and the right to vote for members of the Board of Education, only in that district, while the other inhabitants of the village are in another, viz: the village district, and entitled to school privileges only therein. We think it manifest therefore, that this section only refers to the rights and privileges of the inhabitants of the annexed territory as members of the municipal corporation, as distinguished from their rights as to school privileges.
It is also urged that when such territory, is annexed, sec. 3908 makes the inhabitants thereof electors of the village district, if otherwise qualified, and therefore it must follow that they were members or residents of the village district. But we think that such is not the case. By that section, only the qualified electors of the village district, not of the village itself, are authorized to vote at the election held for members of the board of education of such village district. If any territory outside of the limits of the village has been added for school purposes, to the village district, the qualified electors, residing thereon, are legal voters at such election, hy the very terms of the statute. And if any territory situate within the village limits, has been detached from the village district for school purposes, or has never in fact been attached to such village district, the inhabitants thereof, though qualified electors of the village, are not members of the village district, and are not entitled to vote at the election for school officers therefor.
As section 3893 is the only one which expressly provides for the manner in which territory situate in one school district, may be transferred to another, viz., “ hy the mutual consent of the hoards of education having control of such districts,” *76 and directs that no such transfer shall take effect until a map showing the boundaries of the territory transferred is entered on the records of the boards, and a certified copy thereof is filed with the auditor of the county (doubtless for the reason that he may thus have official knowledge of the transfer, and how the taxes for school purposes for the two districts shall be levied by him), and nothing of the kind has been done in this case; and as so far as we can see, no other statute, even by implication, authorizes a transfer in any other mode, we are of the opinion that the territory in question is still a part of Special School District No 1. A judgment may be entered accordingly.
W. L. Avery, and Reemelin & Reemelin, attorneys for relator.
Ramsey, Maxwell & Ramsey, attorneys for defendant.